**Elvin Mancilla SALAZAR, Petitioner,**

v.

**Michael B. MUKASEY, Attorney General, Respondent.**

No. 03–73557.

United States Court of Appeals, Ninth Circuit.

Submitted March 18, 2008.*

Filed March 25, 2008.

Vartkes Yeghiayan, Law Offices on Vartkes Yeghiayan, Glendale, CA, for Petitioner.

Elvin Mancilla Salazar, North Hollywood, CA, pro se.

CAC–District Counsel, Los Angeles, CA, Ronald E. Lefevre, Office of the District Counsel, San Francisco, CA, Stacy S. Paddack, Kurt B. Larson, U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: CANBY, T.G. NELSON, and BEA, Circuit Judges.

**MEMORANDUM** **

Elvin Mancilla Salazar, a native and citizen of Guatemala, petitions for review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal from an immigration judge's ("IJ") decision denying his application for cancellation of removal. Our jurisdiction is governed by 8 U.S.C. § 1252. We review de novo the agency's legal determinations. *See Molina–Estrada v. INS,* 293 F.3d 1089, 1093 (9th Cir.2002). We deny in part, dismiss in part, grant in part and remand the petition for review.

The BIA properly determined that Mancilla Salazar was statutorily ineligible for cancellation of removal because he lacked a qualifying relative. *See* 8 U.S.C. § 1229b(b)(1)(D); *see also Molina–Estrada,* 293 F.3d at 1093–94.

Mancilla Salazar's challenge to the BIA's streamlining procedure is foreclosed by *Falcon Carriche v. Ashcroft,* 350 F.3d 845, 852 (9th Cir.2003).

We lack jurisdiction over Mancilla Salazar's contention that the IJ violated due process by preventing him from presenting his asylum claim, and over his ineffective assistance of counsel claim, because Mancilla Salazar failed to exhaust these claims before the BIA. *See Rashtabadi v. INS,* 23 F.3d 1562, 1567 (9th Cir.1994) ("Failure to raise an issue in an appeal to the BIA constitutes a failure to exhaust remedies with respect to that question and deprives this court of jurisdiction to hear the matter.").

The IJ granted voluntary departure for a 60–day period and the BIA affirmed without opinion and changed the voluntary departure period to 30 days. In *Padilla–Padilla v. Gonzales,* 463 F.3d 972, 981 (9th Cir.2006), we held "that because the BIA issued a streamlined order, it was required to affirm the entirety of the IJ's decision,

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

including the length of the voluntary departure period." Pursuant to the government's request, we therefore remand to the BIA to reinstate the original voluntary departure period.

Mancilla Salazar's pending motion to stay his removal is denied as moot. The currently effective stay of removal will expire when this court's mandate issues.

**PETITION FOR REVIEW DENIED in part; DISMISSED in part; GRANTED in part; REMANDED.**

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.